UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN SMITH, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-003 RM |
| | ) | |
| WALTER MARTIN, | ) | |
| | ) | |
| Respondent | ) | |

OPINION AND ORDER

John Smith, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 180 day loss of good time and demotion from credit class two to credit class three in case MCF 06-08-0389 on August 15, 2006 by the Disciplinary Hearing Board ("DHB") at the Miami Correctional Facility.

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Smith tries to raise three grounds in this challenge: insufficient evidence to support the charges, denial of evidence, and stacking of charges. In his first argument, Mr. Smith asserts that his actions don't fall within the statutory definition of sexual act. In essence, Mr. Smith argues that there is insufficient evidence to find him guilty of engaging in sex acts in violation of B-216. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."

Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends—it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." Viens v. Daniels, 871 F.2d 1328, 1335 (7th Cir. 1989).

      Here, the DHB stated that it relied upon the Report of Investigation. The report states that while Mr. Smith was working on the mowing crew, Indiana State Police Detectives saw him go into the woods and start kissing a woman and rubbing her breast inside and outside her shirt. This is some evidence that he is guilty of engaging in sex acts.

Next, Mr. Smith asserts that he requested, but was denied, the statement given by the reporting officer, Chris Ramberger. Mr. Smith received a copy of the screening order, which contained Mr. Ramberger's statements with regards to this charge. Therefore, it does not appear that Mr. Smith was denied Mr. Ramberger's statement. Further, even had Mr. Smith not received a copy of Mr. Ramberger's statements, that alone is not a violation of Wolff v. McDonnell, 418 U.S. 539 (1974). Wolff requires that Mr. Smith be permitted to submit relevant exculpatory evidence; it does not entitle him to see or review any of the evidence himself. "Baxter v. Palmigiano, 425 U.S. 308, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976), warns the courts of appeals not to add to the procedures required by Wolff, which, Baxter held, represents a balance of interests that should not be further adjusted in favor of prisoners." White v. Indiana Parole Board, 266 F.3d 759, 768 (7th Cir. 2001). Because Wolff does not require that he be provided with a copy of the statements against him, even if he had not been given a copy of the statements, this argument alone does not state a claim for habeas relief.

Finally, Mr. Smith argues that this charge was wrongfully stacked with a charge of trafficking because both occurred at the same time and place. Mr. Smith may have been charged with two offenses, engaging in sex acts and trafficking, that arose from the same incident, but he wasn't sanctioned twice for the same offense. Mr. Smith was sanctioned for two separate offenses. Consequently, this challenge does not state a claim for habeas relief.

For the foregoing reasons, the habeas corpus petition is DISMISSED pursuant to

Habeas Corpus Rule 4.

 SO ORDERED.

 ENTERED: February __7__, 2007

          ___/s/ Robert L. Miller, Jr.___
          Chief Judge
          United State District Court